CASE No. 1099.

STRIBLING v. JOHNS.

1. A refusal by the Circuit judge of a motion to extend the time, under the act of 1878, for preparing a case on appeal, so far as such refusal is a decision on questions of fact, is not appealable to this court, it being exclusively within his province to determine whether the cause shown was sufficient and reasonable.

2. No such extension of time was allowable, unless a motion therefor had been made before the expiration of thirty days after service of notice of appeal. *Coleman* v. *Scurry*, 14 *S. C.* 166, approved.

Before ALDRICH, J., at Chambers, September, 1879.

Action by John V. Stribling against James A. Johns, in Oconee county. The opinion states the case. The order appealed from was as follows:

This is a motion to extend the time in which to perfect an appeal.

Appeal is not a right; it is a privilege of which the party desiring to avail himself can take advantage by complying with certain conditions. The judgment of a court of competent jurisdiction is *prima facie* supposed to be correct. It is always, however, subject to review by the appellate tribunal. To entitle the party failing in the action to this review he must comply with

certain prerequisites prescribed by the law and the rules of court. Nor can these be lightly regarded, for, it must be remembered, appeal operates to delay and hinder the prevailing party in the cause. In practice it too often happens that appeal is resorted to for the mere purpose of delay, a practice not to be encouraged.

While, therefore, every opportunity should be afforded to correct error, still, the rights of the successful suitor are to be considered. He should not be subjected to delay—perhaps the entire fruits of his successful litigation—unless the rules regulating the appeal have been complied with, or sufficient and satisfactory reasons shown why they have not been complied with. The affidavits, submitted to support the motion, show that the notice of appeal was served in time on the proper parties; that the defendant, Johns, supposed his attorney had perfected the appeal, and that he had " no intention of abandoning said appeal."

Mr. Norton states, in his affidavit, that he was too unwell to attend to business for several days after the court; that his law partner, Mr. Stribling, has been ill with typhoid fever for five weeks, and unable to attend to his business; that the change in the law as to appeals had escaped his notice; that he is satisfied the appeal would have been perfected, " but for his own and his partner's sickness, and that the plaintiff will not be injured by delay, as the appeal will be docketed as soon as if it had been perfected in the prescribed time."

The affidavit of defendant's attorney, Mr. Verner, negatives the statement of Mr. Norton. Without attempting to reconcile this conflict of statement, it is sufficient to say, that, in my judgment, the application comes too late. The party asking the extension, must, under the act and the rules, seek relief, if he be entitled thereto, from a justice of the Supreme Court. I may add, this legislation, as it appears to me, was intended to prevent appeals for mere delay, to which I have hereinbefore alluded.

Let the motion be dismissed, with ten dollars costs to the 'plaintiff.

Defendant appealed, upon the ground that " his Honor erred in the law applicable to the case, in holding that the application

H

came too late." Plaintiff moved to dismiss the appeal because the return in the appeal from Judge Aldrich's order at chambers had not been filed in time.

*Mr. J. J. Norton*, for appellant.

*Messrs. Keith & Verner*, contra.

October 8th, 1881.   The opinion of the court was delivered by

McGOWAN, A. J.   It appears that the plaintiff recovered judgment against the defendant for $200, for backing water and overflowing his land, and entered judgment and execution for the verdict with $92 costs taxed by the clerk.   After the execution had been paid, April 18th, 1879, the plaintiff's attorney moved to tax certain costs which had been omitted in the first taxation, and the clerk taxed $64.80 additional costs.   The defendant made a motion to reverse the decision of the clerk in allowing the additional costs, before Judge Aldrich, who sustained the clerk's taxation and refused the motion.   From this order notice of appeal was given within ten days, but the case was not prepared and served within the "thirty days" allowed for that purpose.   On September 12th, 1879, nearly three months after the order appealed from was granted, a motion was made before Judge Aldrich, at chambers, for an extension of time within which to perfect this appeal.   Upon this motion, affidavits and counter-affidavits were submitted. Judge Aldrich, without undertaking to decide between the conflicting statements of the affidavits, refused the application for the extension of time principally on the ground that it "came too late."   The defendant appeals to this court, and the plaintiff moves to dismiss the appeal.

It does not appear that the items of costs taxed by the clerk were improper.   The objection, it seems, was that the plaintiff was in default in not having them included in *the first taxation*. Judge Aldrich decided otherwise, and in perfecting his appeal from that order, the defendant, in his turn, fell into default. The judge refused to grant further time to perfect the appeal.

Was that refusal error of law reviewable on appeal to this court?

The second section of the act of 1878 (16 *Stat.* 698) provides as follows: "Within thirty days after such notice, the appellant, or his attorney, shall prepare a case or exceptions, and serve them, unless the judge before whom the cause was heard last, on ten days' notice to the opposite party, upon sufficient and reasonable cause shown, shall extend the time," &c.

It will be observed that the act gives the power to extend the time *only* to the judge "before whom the cause was last heard." It was exclusively within his province to decide whether the cause shown was "sufficient and reasonable." The case was not difficult to prepare, and could not require much time or labor. The defendant having failed to prepare and serve a case within the time prescribed, was in default, and his application was based, not upon any right upon his part that he had lost, but was addressed solely to the judicial discretion of that officer. So far as he decided the application upon the facts stated in the affidavits, his decision was final, and there can be no appeal. To say that a matter is in the discretion of the judge is but another way of saying that it is beyond control. It is analogous to an order refusing a *new trial* on the facts. This court has no right, in cases of this kind, to consider any question except alleged errors of law.

In regard to the jurisdiction of the judge to hear the application after the expiration of the thirty days allowed, we concur with him that the act which grants the privilege to make the application contemplated that it should be done within the thirty days. The object, manifestly, was to prevent unnecessary delay in the prosecution of appeals. If the application for further time could be made three months after the appeal was taken, what could prevent its being done three years after? It could not be known certainly when an appeal was ended. The act clearly indicates that if, at the expiration of the time fixed, the appellant is in default, having neither perfected his appeal nor made application for further time to do so, his appeal should be considered waived. The last section declares that "when the appellant shall fail to perfect his appeal according to the provi-

sions of either of the foregoing sections, his failure to do so shall amount to a waiver of his appeal." *Rogers* v. *Nash*, 12 *S. C.* 560; *Coleman* v. *Scurry*, 14 *S. C.* 166. We can add nothing to what was said by the court in the last case: "There was a failure in this case to perfect the appeal according to the provisions of the act, and the extension of time was not granted in the manner pointed out by the act.   *   *   The provisions of the act are mandatory and must be enforced. The court has no right to consider the hardships of the case, but is bound to announce the law."

The judgment of this court is that the order of the Circuit judge be affirmed, and the appeal dismissed.

SIMPSON, C. J., and McIVER, A. J., concurred.